UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>**HANKEY O'ROURKE ENTERPRISES, LLC,**<br><br>Debtor | **Chapter 11**<br>**Case No. 19-30500-EDK** |

## DEBTOR'S EMERGENCY MOTION FOR USE OF CASH COLLATERAL

NOW COMES Hankey O'Rourke Enterprises, LLC. (the "Debtor"), through its counsel, and hereby makes this emergency motion for authority to use cash collateral, pursuant to 11 U.S.C. § 363(b), Federal Bankruptcy Rule 4001(b), and MLBR 4001-2. In support thereof, the Debtor respectfully states as follows:

1. Contemporaneously herewith, the Debtor has filed its petition for relief under Chapter 11 of the Bankruptcy Code with this Court.

2. The Debtor owns commercial real estate at 109 Stockbridge Road, Great Barrington, Massachusetts (the "Property"). The sole tenant is Cove Bowling & Entertainment, Inc. ("Cove Bowling") which operates a 24 lane bowling alley, indoor mini golf, arcade center, café and bar. Under the terms of a lease executed on May 23, 2008, and extended by an addendum dated May 7, 2019, it is a "triple net" lease, i.e., the tenant is responsible for all debt service, real estate taxes and insurance for the Property. The Debtor has no employees.

3. The members of the Debtor, Juanita O'Rourke and Thomas M. Hankey, are also the shareholders of Cove Bowling, which has guaranteed the Debtor's obligations, secured by liens on Cove Bowling's assets.[1]

4. The Chapter 11 petition became necessary because the first mortgage debt matured and became due in March, 2019, and the current holder refused to enter further extend the maturity date. The Debtor has been both marketing the Property for sale with a real estate broker and seeking various financing alternatives. On June 13, 2019 the Debtor learned that its most recent loan application was denied, and the holder of the first mortgage has scheduled a foreclosure sale for July 30, 2019.

5. The Debtor's receipts and accounts receivable generated by the business constitute "cash collateral" within the meaning of 11 U.S.C. § 363. This matter constitutes a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(M).

6. This request for use of the Debtor's cash collateral is made pursuant to 11 U.S.C. § 363, Bankruptcy Rule 4001, and MLBR 4001-2.

7. On information and belief, the creditors holding secured claims[2] against the Debtor's assets are as follows:

- IOFUS-FCC Holdings I, LLC ("IOFUS", also referred to as "Indigo"). This creditor holds a first mortgage and collateral assignment of leases and rents on the Debtor's real estate, and a first priority "blanket" security interest in Cove Bowling's assets. Pursuant to an invoice dated May 23, 2019, IOFUS claims to

---

[1] Ms. O'Rourke and Mr. Hankey have also given unsecured guarantees of the obligations.
[2] This recitation is for informational purposes; the Debtor has not had opportunity to determine the perfection and priority of liens against its assets.

be owed $896,692.04.[3] Prior to the maturity of the loan, the monthly payment to IOFUS was in the amount of $7,299.00.

- Bay Colony Development Corporation ("Bay Colony"), as servicer for the United States Small Business Administration (the "SBA"). This creditor holds a second mortgage and collateral assignment of leases and rents on the Debtor's real estate, and a second priority "blanket" security interest in Cove Bowling's assets. Pursuant to an invoice dated June 11, 2019, Bay Colony claims to be owed $743,879.54.[4] Prior to the filing of its petition, the Debtor has been under a reduced payment plan with Bay colony under which it has been paying between $500 and $2,000 per month.

8. The Debtor does not have any recent appraisals of the Property[5]. However, it has been listed since March, 2019 with a real estate broker for the amount of $2,995,000.00. The Debtor believes that both secured creditors are fully secured.

9. The Debtor needs to use the cash collateral generated by the business to continue to maintain the Property, to pay real estate taxes and municipal charges, and to make adequate protection payments to the secured lenders.[6]

10. In 2018, Cove Bowling's revenues were in the amount of $604,562.00, resulting in net income of $18,166.00, which enabled it to make rent payments to the Debtor, which in turn made mortgage payments to the secured creditors. The Debtor had gross rents of approximately $116,318.00, and a net profit (after depreciation) of $21,717.00.

---

[3] The amount listed is for informational purposes; the Debtor reserves its right to request a detailed accounting of the amounts owed.
[4] The amount listed is for informational purposes; the Debtor reserves its right to request a detailed accounting of the amounts owed.

11. As adequate protection, the Debtor proposes to make monthly payments in the amount of $8,075.00 to IOFUS, and $500.00 to Bay Colony, i.e., the same amounts paid pre-petition; to pay real estate taxes and municipal charges as they become due; to maintain insurance on the Property; and to provide the provide its secured creditors a continuing lien on its assets, including cash collateral and post-petition accounts receivables, to the same extent and amount, in the same priority, and to the extent that they perfected, as they enjoyed pre-petition. The Debtor further states that the value of the real estate exceeds the aggregate amount of the secured claims, which provides additional adequate protection.

12. Annexed hereto as Exhibit "A" are projections for the Debtor's operations for the months of July, August and September, 2019.

13. Counsel for the Debtor has conferred with counsel for IOFUS regarding the request for use of cash collateral, and IOFUS has consented to use of cash collateral on an interim basis, on the terms set forth in the proposed order annexed hereto as Exhibit "B".

**Basis for Emergency Relief.**

13.    The Debtor requests that the authority to use cash collateral be granted on an emergency basis. As reason therefore, the Debtor states that the cash collateral is necessary to the Debtor's operations, e.g., payment of operating expenses and adequate protection payments.

WHEREFORE, pursuant to 11 U.S.C. § 363, Bankruptcy Rule 4001, and MLBR 4001-2, Hankey O'Rourke Enterprises, LLC respectfully prays:

---

[5]    The assessed value of the Property is $1,794,700.00.
[6]    The Debtor does not have any employees.

1.      That this Court conduct an emergency hearing on this request for use of cash collateral;

2.      That this Court authorize the Debtor to use cash collateral on an emergency basis, to the extent and for the purposes set forth herein; and

3.      For such further relief as this Court deems just and proper.

Respectfully submitted this 21st day of June, 2019.

                HANKEY O'ROURKE
                ENTERPRISES, LLC


                By:/s/ Steven Weiss
                Steven Weiss, Esquire
                BBO# 545619
                Shatz, Schwartz and Fentin, PC
                1441 Main Street, Suite 1100
                Springfield, MA  01103
                (413) 737-1131
                sweiss@ssfpc.com

13\02711\HOE Ch.11\Motion.Cash.Coll.1601

**PROJECTED INCOME/EXPENSES HANKEY O'ROURKE ENTERPRISES, LLC**
US-GAAP

|  | JULY | AUGUST | SEPTEMBER |
|---|---|---|---|
| **INCOME** | | | |
| RENTAL INCOME | $10,575 | $10,575 | $10,575 |
| **GROSS INCOME** | $10,575 | $10,575 | $10,575 |
| **EXPENSES** | | | |
| Indigo | $8,075 | $8,075 | $8,075 |
| SBA - | $500 | $500 | $500 |
| Real Estate Taxes | $2,000 | $2,000 | $2,000 |
| **TOTAL EXPENSES** | $10,575 | $10,575 | $10,575 |

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| **In re:**<br><br>**HANKEY O'ROURKE<br>ENTERPRISES, LLC,**<br><br>**Debtor** | **Chapter 11**<br>**Case No. 19-30500-EDK** |

## ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND FOR ADEQUATE PROTECTION THEREFOR

Upon consideration of the *Debtor's Emergency Motion for Use of Cash Collateral* (the "Motion") dated June __, 2019, wherein the Debtor, Hankey O'Rourke Enterprises, LLC (the "Debtor"), seeks an order of this Court authorizing, on an interim basis, the Debtor to use the cash and other collateral claimed by the Debtor's secured creditors, IOFUS-FCC Holdings I, LLC ("IOFUS") and Bay Colony Development Corporation as servicer for the United States Small Business Administration ("Bay Colony" and together with IOFUS, the "Secured Creditors"), as collateral for the Debtor's obligations to the Secured Creditors, and for approval of the adequate protection for such use on the terms proposed in the Motion; the Debtor having represented in the Motion that its ongoing operations would be severely disrupted unless the relief sought by the Motion were granted forthwith; it appearing to this Court that the Debtor is able to provide the Secured Parties with adequate protection of the type described in Section 361(2) of the Bankruptcy Code and is therefore entitled, under Section 363(c) of the Bankruptcy Code, to utilize in the ordinary course of its business the collateral in which the Secured Parties claim a security interest; and it appearing to this Court that the relief sought in the Motion is in the best interests of the Debtor and its creditors; it is hereby

ORDERED, ADJUDGED AND DECREED that:

1.  The Motion is granted as follows:

2.  On an interim basis, the Debtor be, and hereby is, authorized to collect and use those prepetition assets in which the Secured Creditors claim security interests, including any cash receipts, proceeds of prepetition accounts receivable, inventory and cash on hand, for the purposes and on the terms proposed in the Motion in the operation of its business as debtor-in-possession, provided, however, that pursuant to Fed. R. Bankr. P. 4001(b)(2) and pending allowance of a final order allowing the relief requested in the Motion, the Debtor shall use and expend only that amount of the Secured Creditors asserted cash collateral as is necessary to avoid immediate and irreparable harm to the Debtor's estate pending a final hearing of this Court on the Motion;

3.  As adequate protection to the Secured Creditors for the Debtor's use of assets in which the Secured Creditors claim a security interest, the Debtor shall:

(a) grant the Secured Creditors a continuing replacement lien and security interest in all assets of the Debtor in which the Secured Creditors possessed a security interest as of the Petition Date, to the same validity and extent and priority that they would have had in the absence of the bankruptcy filing to secure any diminution in value of its collateral as a result of the use of cash collateral;

(b) Commencing on July 23, 2019, make monthly adequate protection payments to IOFUS in the amount of $8,075.00. The allocation and application of the payments shall be subject to further review and order of the Court; and

(c) Commencing on July 23, 2019, make monthly adequate protection payments to Bay Colony in the amount of $500.00. The allocation and application of the payments shall be subject to further review and order of the Court.

4. The Debtor is authorized to use cash collateral to pay any amounts necessary to avoid immediate and irreparable harm to the Debtor's estate, up to 10 percent in excess of the amounts set forth in the Budget attached as Exhibit A to the Motion.

5. The Debtor shall timely submit each monthly operating report ("MOR") to the United States Trustee. Upon request, the Debtor shall furnish to the Secured Creditors a copy of each MOR.

6. Notwithstanding anything herein, the entry of this Interim Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, or otherwise impair: (a) any of the rights of the Secured Creditors to (i) request additional or further adequate protection of their interests in their collateral and other usual or customary protections, (ii) request relief from or modification of the automatic stay under section 362 of the Bankruptcy Code, (iii) request conversion of the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code or the appointment of a trustee or examiner, and (iv) propose, subject to the provisions of section 1121 of the Bankruptcy Code, a chapter 11 plan; (b) any of the rights, claims, or privileges (whether legal, equitable, or otherwise) of the Secured Creditors; (c) any of the Debtor's rights, claims and defenses with respect any of the foregoing asserted by the Secured Creditors; or (d) the rights of the Debtor or any party in interest to oppose any of the above.

7. The Debtor shall at all times maintain such fire, hazard casualty, and comprehensive public liability insurance as is currently in effect. Upon request, the Debtor shall furnish to the Secured Creditors written evidence of such insurance coverage

8. The hearing to consider further approval of use of cash collateral and adequate protection therefor as proposed in the Motion and Stipulation is hereby scheduled for July ___, 2019 at _____ a.m./p.m. Any objections to the Motion shall be filed by _____ a.m./p.m. on

3

July __ 2019. By July __, 2019, the Debtor shall submit a Proposed Order to the Court, the Notice Parties, and any other person who so requests from counsel for the Debtor.

9. Counsel for the Debtor shall serve a copy of this Order on the Notice Parties and all creditors by ECF or first-class mail, within two business days of entry of this Order, and shall file a certificate of service thereof.

BY THE COURT

Dated: _____, 2019

_____
Hon. Elizabeth D. Katz
United States Bankruptcy Judge

Interim Order Agreed to by:

/s/ Jonathan M. Hixon
Jonathan M. Hixon, Esq.
Counsel for IOFUS-FCC Holdings I, LLC

13\02711\HOE Ch.11\Cash Collateral Order.1602

4

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re<br><br>**HANKEY O'ROURKE ENTERPRISES, LLC,**<br>　　　　　Debtor | **Chapter 11**<br>**Case No. 19-30500-EDK** |

**CERTIFICATE OF SERVICE**

I, Steven Weiss, of Shatz Schwartz and Fentin, P.C., do hereby certify that on June 21, 2019, a copy of the foregoing Motion for Use of Cash Collateral was mailed via electronic and/or first-class mail, postage pre-paid, to the following:

Hankey O'Rourke Enterprises LLC
109 Stockbridge Road
Great Barrington MA  01230

Jonathan M. Hixon, Esq.
Hackett Feinberg
155 Federal Street, 9th Floor
Boston, MA  02110


　　　　　　　　　　　　　　　　　　/S/ Steven Weiss
　　　　　　　　　　　　　　　　　Steven Weiss, Esquire

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0101-3<br>Case 19-30500<br>District of Massachusetts<br>Springfield<br>Fri Jun 21 10:29:26 EDT 2019 | Hankey O'Rourke Enterprises, LLC<br>109 Stockbridge Road<br>Great Barrington, MA 01230-1227 | Springfield<br>U.S. Bankruptcy Court<br>300 State Street, Suite 220<br>Springfield, MA 01105-2925 |
| Bay Colony Development Corp.<br>230 Third Ave., 1st Floor<br>Waltham, MA 02451-7552 | Cove Bowling & Entertainment Inc.<br>109 Stockbridge Road<br>Great Barrington, MA 01230-1227 | IOFUS Holdings - I, LLC<br>5838 East Naples Plaza<br>Long Beach, CA 90803-5039 |
| Jonathan Hixon<br>Hackett Feinberg<br>155 Federal Street, 9th Floor<br>Boston, MA 02110-1610 | Juanita O'Rourke<br>27 Kibbe Point Road<br>East Otis, MA 01029-4500 | Lyndsey E. Rowland, Esquire<br>Starfield Smith PC<br>1300 Virginia Drive, Suite 325<br>Fort Washington, PA 19034-3223 |
| Thomas Hankey<br>315 State Road<br>Great Barrington, MA 01230-1462 | Town of Great Barrington Tax Collector<br>334 Main Street<br>Great Barrington, MA 01230-1802 | United States Small Business Admin.<br>Boston District Office<br>10 Causeway St., Room 265<br>Boston, MA 02222-1047 |
| Richard King<br>Office of the U. S. Trustee<br>446 Main Street<br>14th Floor<br>Worcester, MA 01608-2361 | Steven Weiss<br>Shatz, Schwartz & Fentin, P.C.<br>1441 Main Street<br>Suite 1100<br>Springfield, MA 01103-1450 | End of Label Matrix<br>Mailable recipients    13<br>Bypassed recipients    0<br>Total                  13 |