**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | |
|---|---|
| **In re:**<br><br>**HANKEY O'ROURKE ENTERPRISES, LLC,**<br><br>Debtor | **Chapter 11**<br>**Case No. 19-30500-EDK** |

## DEBTOR'S OPPOSITION TO MOTION TO CONVERT CASE TO CHAPTER 7

NOW COMES Hankey O'Rourke Enterprises, LLC (the "Debtor"), and hereby submits its objection to the Motion of IOFUS-FCC I HOLDINGS, LLC to for an Order Converting the Case to Chapter 7 [Docket No. 85, the "Motion"]. In support thereof, the Debtors respectfully states as follows:

1. The Debtor admits that it has been in Chapter 11 for over a year, but denies the remaining allegations in ¶ 1 of the Motion.

2. The Debtor admits the allegations in ¶ 2 of the Motion.

3. The Debtor admits the allegations in ¶ 3 of the Motion.

4. The Debtor admits the allegations in ¶ 4 of the Motion.

5. The Debtor admits the allegations in ¶ 5 of the Motion.

6. The Debtor admits the allegations in ¶ 6 of the Motion.

7. The Debtor admits the allegations in ¶ 7 of the Motion.

8. The Debtor admits the allegations in ¶ 8 of the Motion.

9. The Debtor admits the allegations in ¶ 9 of the Motion.

10. The Debtor admits the allegations in ¶ 10 of the Motion.

11. The Debtor admits the allegations in ¶ 11 of the Motion.

12. The Debtor admits the allegations in ¶ 12 of the Motion.

13. The Debtor admits the allegations in ¶ 13 of the Motion, except it believed the date for filing a plan and disclosure statement is August 16. Contemporaneously herewith, the Debtor is filing a motion to extend the deadline to a time after the hearing on this Motion.

14. The Debtor admits the allegations in ¶ 14 of the Motion.

15. The Debtor admits the allegations in ¶ 15 of the Motion; however, in further response, and pursuant to the Debtor's motion for authority to enter into a post-petition "EIDL" loan, so-called, it has made payments to the Town of Great Barrington for real estate taxes and municipal charges in the amount of $33,871.11, which provides adequate protection to IOFUS' secured position.

16. The Debtor objects to the characterizations in ¶ 16 of the Motion. The Debtor is not "relying" on Cove's inability to operate. Until the pandemic arose, Cove Bowling was operating, paying rent, and the Debtor was making adequate protection payments. COVID forced the involuntary shutdown of the business, and events locally and nationally since then have made it difficult if not impossible to develop a plan of reorganization. And, as noted above, the Debtor used the EIDL loan in part to pay down real estate taxes, which benefits IOFUS.

17. The Debtor admits that certain of the PPP loan proceeds were used to make various payroll payments; in further answer, 75 percent of the PPP loan proceeds were *required* to be used for payroll, in order to qualify for forgiveness.

18. The monthly operating reports speak for themselves  In further answer, the Cove's business is somewhat seasonal, and the first quarter of the calendar year is usually strong;

however, the pandemic interrupted operations; and the increase in rent due is primarily a result of the pandemic.

19. The Debtor admits the allegations in ¶ 19 of the Motion.

20. The Debtor denies the allegations in ¶ 20 of the Motion. An offer was received, but it was so low as to be unacceptable.

21. The Debtor denies the allegations in ¶ 21 of the Motion; the initial listing prices and the subsequent reductions, and the highest and best use, were based upon consultations with the real estate broker retained by the Debtor.

22. The Debtor denies the allegations in ¶ 22 of the Motion. Even during the pandemic, the Debtor and Cove Bowling have been maintaining the Property.

23. In response to ¶ 23 of the Motion, the Debtor incorporated by reference.

24. The statements made in ¶ 24 of the Motion are statements of law to which no response is required.

25. The statements made in ¶ 25 of the Motion are statements of law to which no response is required.

26. The statements made in ¶ 26 of the Motion are statements of law to which no response is required.

27. The statements made in ¶ 27 of the Motion are statements of law to which no response is required.

28. The statements made in ¶ 28 of the Motion are statements of law to which no response is required.

29. The statements made in ¶ 29 of the Motion are statements of law to which no response is required.

30. The Debtor admits that its sole current tenant is not currently able to pay rent. The remaining allegations in ¶ 30 of the Motion are denied. In particular, if there has been any decline in the current value of the Property—which the Debtor disputes—it is due to the pandemic.

31. The Debtor denies the allegations in ¶ 31 of the Motion, for the reasons set forth herein.

32. The Debtor denies the allegations in ¶ 32 of the Motion. As set forth herein, and as the Court is well aware, the delays have been the result of a once in a lifetime pandemic, which is still obviously ongoing, that has caused a total disruption in the Debtor's business, has impaired the Debtor's ability to market the Property, and which has made preparing accurate projections practically impossible.

33. The statements made in ¶ 34 of the Motion are statements of law to which no response is required.

34. The Debtor denies the allegations in ¶ 34 of the Motion.

35. The statements made in ¶ 35 of the Motion are statements of law to which no response is required.

36. The statements made in ¶ 36 of the Motion are statements of law to which no response is required.

37. The statements made in ¶ 37 of the Motion are statements of law to which no response is required.

38. The statements made in ¶ 38 of the Motion are statements of law to which no response is required.

39. The Debtor denies the allegations in ¶ 39 of the Motion. The Property has been operated as a bowling alley for over 60 years. It is the only such facility in the southern Berkshire area, and has become an integral part not only in southern Berkshire County, but also surrounding areas in New York and Connecticut. Conversion rather than dismissal is also not appropriate in this case. There are only two secured creditors, and one unsecured claim of $775.00. While the Debtor believes there is equity in the Property, the Debtor believes it unlikely that a Chapter 7 Trustee would administer the Property; instead, he would likely abandon it.

## **AFFIRMATIVE DEFENSES**

40. As its first affirmative defense, the Debtor states that it is continuing to develop a reorganization plan. Cove Bowling has received, but not used, approximately $149,000 in an EIDL loan. Cove Bowling and the Debtor are developing a plan for use of those funds, which will include resumption of payments to IOFUS, and will include implementing measures to enable the Debtor to rent out portions of the Property to tenants other than Cove Bowling. This will entail certain refurbishment of the building. In addition, Cove Bowling is in the process of getting approvals necessary to re-open the bowling alley on a limited basis, and to renew food and beverage service, which will increase cash flow.

41. As its second affirmative defense, the Debtor states that by any measure—even IOFUS' own appraisal—there is substantial equity in the Property to adequately protect IOFUS' secured claim. Thus, IOFUS is not prejudiced by the Debtor's continuing efforts to reorganize.

WHEREFORE, the Debtor respectfully prays:

1. That the Motion be denied; and

2. For such further relief as this Court deems just and proper.

Dated this 14th day of August, 2020.

                Respectfully submitted,

                **HANKEY O'ROURKE ENTERPRISES, LLC**

            By: /s/ Steven Weiss
              Steven Weiss, Esquire
              BBO# 545619
              sweiss@ssfpc.com
              Shatz, Schwartz and Fentin, PC
              1441 Main Street, Suite 1100
              Springfield, MA  01103
              (413) 737-1131

19\0178\Motion Convert\obj.motion.convert

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

**In re:**

**HANKEY O'ROURKE ENTERPRISES, LLC,**

**Debtor**

**Chapter 11**
**Case No. 19-30500-EDK**

## CERTIFICATE OF SERVICE

I, Steven Weiss, of Shatz Schwartz and Fentin, P.C., do hereby certify that August 14, 2020, a copy of the foregoing **Objection to Motion to Convert** was served via first class and/or electronic mail to the following:

Hankey O'Rourke Enterprises LLC
109 Stockbridge Road
Great Barrington MA  01230

Jonathan M. Hixon, Esq.
Hackett Feinberg
155 Federal Street, 9th Floor
Boston, MA  02110

PKHB
1 Hudson City Centre, Suite 203
Hudson, NY  12534

/s/ Steven Weiss, Esquire
Steven Weiss

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0101-3<br>Case 19-30500<br>District of Massachusetts<br>Springfield<br>Tue Mar 10 11:50:54 EDT 2020 | Hankey O'Rourke Enterprises, LLC<br>109 Stockbridge Road<br>Great Barrington, MA 01230-1227 | Springfield<br>U.S. Bankruptcy Court<br>300 State Street, Suite 220<br>Springfield, MA 01105-2925 |
| Bay Colony Development Corp.<br>230 Third Ave., 1st Floor<br>Waltham, MA 02451-7552 | Cove Bowling & Entertainment Inc.<br>109 Stockbridge Road<br>Great Barrington, MA 01230-1227 | IOFUS Holdings - I, LLC<br>5838 East Naples Plaza<br>Long Beach, CA 90803-5039 |
| Jonathan Hixon<br>Hackett Feinberg<br>155 Federal Street, 9th Floor<br>Boston, MA 02110-1610 | Juanita O'Rourke<br>27 Kibbe Point Road<br>East Otis, MA 01029-4500 | Lyndsey E. Rowland, Esquire<br>Starfield Smith PC<br>1300 Virginia Drive, Suite 325<br>Fort Washington, PA 19034-3223 |
| PKHB<br>Pattison, Koskey, Howe & Bucci, CPAs, P.<br>1 Hudson City Centre, Suite 203<br>Hudson, NY 12534-2355 | Pattison, Koskey, Howe & Bucci, CPAs, P.C.<br>1 Hudson City Centre<br>Suite 203<br>Hudson, NY 12534-2355 | Thomas Hankey<br>315 State Road<br>Great Barrington, MA 01230-1462 |
| Town of Great Barrington Tax Collector<br>334 Main Street<br>Great Barrington, MA 01230-1802 | U.S. Small Business Administration<br>10 Causeway Street, Room 265<br>Boston, MA 02222-1093 | United States Small Business Admin.<br>Boston District Office<br>10 Causeway St., Room 265<br>Boston, MA 02222-1047 |
| Richard King<br>Office of the U. S. Trustee<br>446 Main Street<br>14th Floor<br>Worcester, MA 01608-2361 | Steven Weiss<br>Shatz, Schwartz & Fentin, P.C.<br>1441 Main Street<br>Suite 1100<br>Springfield, MA 01103-1450 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)BHHS Barnbrook Realty | (u)IOFUS-FCC Holdings I, LLC | (u)Steven Weitz<br>William Pitt Sothebys<br>International Realty |

End of Label Matrix
Mailable recipients    16
Bypassed recipients     3
Total                  19

**TAXING AUTHORITIES**

Commonwealth of Massachusetts
Div of Unemployment Assistance
Attn: Bankruptcy Unit, 5th Floor
19 Staniford Street
Boston, MA 02144

Massachusetts Dept. of Revenue
Litigation Bureau
PO Box 9565
100 Cambridge Street
Boston, MA 02114

Internal Revenue Service - IRS
Special Assistant
United States Attorney
10 Causeway Street, Room 401
Boston, MA 02222

Internal Revenue Service
Box 7346
Philadelphia, PA 19101-7346

Commonwealth of Massachusetts
Department of Revenue –
Bankruptcy Unit
P.O. Box 9564
100 Cambridge Street, 7th Floor
Boston, MA 02114-9564

US Department of Labor Employee Benefits
JFK Federal Building Room 575
Boston, MA 02203

United States Attorney
One Courthouse Way Suite 9200
Boston, MA 02210