UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

HANKEY O'ROURKE ENTERPRISES, LLC,

Case No. 19-30500-EDK
Chapter 11

Debtor.

**OBJECTION TO FIRST AMENDED DISCLOSURE STATEMENT**

The United States, on behalf of its agency, the Small Business Administration ("SBA"), hereby files this objection (the "Objection") to the First Amended Disclosure Statement (Doc. No. 124) (the "Disclosure Statement") filed by the above-captioned debtor (the "Debtor") pursuant to section 1125 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3017-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court, District of Massachusetts (the "Local Rules").  The United States respectfully requests that the Court sustain its Objection and enter an order denying approval of the Disclosure Statement as it does not contain adequate information regarding a timeline for a sale or refinancing.  In support of its Objection, the United States submits the following:

**BACKGROUND**

1. On June 21, 2019, the Debtor filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code.

2. On September 30, 2019, SBA filed a Proof of Claim [Claim No. 3-1].  The Proof of Claim asserts a secured claim in the amount of $743,879.54 loan made to the Debtor to purchase real estate located at 109 Stockbridge Road Great Barrington, MA 01230 [Claim No. 3-1]. (the "Property").  Specifically, on May 23, 2008, Cove Bowling and Entertainment, Inc. executed and delivered a note in the amount of $897,000.00 to SBA. Said note is secured by a mortgage on the Property. The note and mortgage were given to secure a loan in which the SBA participated as part

of its nationwide 504 program. During the pendency of the Chapter 11 case, the SBA also provided the Debtor with an Economic Injury Disaster Loan in the principal amount of $37,400.00 secured by a security interest in the Debtor's personal property.

3. During the first several months of the Chapter 11 case the SBA was receiving adequate protection payments from the Debtor in the amount of $500 per month. In April 2020, the Debtor requested a moratorium on such payments due to the COVID-19 pandemic. Doc. No. 68. On October 5, 2020 the Debtor requested permission to resume adequate protection payments to the SBA in November. Doc Nos. 112 and 119.

4. On November 23, 2020, the Debtor filed a motion seeking to extend its time to file an amended disclosure statement. Doc. No. 121. In the motion to extend the Debtor noted that it had recently received a significant offer for its property and is currently negotiating with the prospective buyer. The Debtor also noted that it had filed an application with a local lender for a refinancing and is hoping to hear back shortly. The Debtor stated that either of these developments would materially change the Debtor's reorganization plans.

5. On December 2, 2020, the Debtor filed the Disclosure Statement and the First Amended Plan of Reorganization (Doc. No. 123). With respect to the SBA's $743,879.54 mortgage claim, the Disclosure Statement provides the following:

> The Debtor believes that the SBA's claim is fully secured. Specifically, the Debtor, in consultation with its broker, has continued to list the Property for sale at $2,100,000.00, and believes that to be an approximation of the actual value. The Debtor has recently received an offer for the Property and is in active negotiations with that party.

Disclosure Statement, p. 3.

6. With respect to the treatment of the SBA's mortgage claim, the Disclosure Statement provides:

2

> The creditor will retain its mortgage and collateral assignment of rents on the Debtor's Property. Upon a sale of the Property … and after payment of administrative claims allowable under 11 U.S.C. § 506(c), and costs of sale, and after payment of IOFUS' Class One claim, the remaining net proceeds will be remitted to the SBA in full satisfaction of its secured claim against the Debtor. While the Debtor believes that the Class Two Claim is fully secured, any amount not paid from the sale will be unsecured.

*Id*.

7. The Disclosure Statement does not provide a specific update on a potential refinancing stating only that "the Debtor is seeking financing from several local lenders which, if successful, would be sufficient to pay the Class One claim in full, and provide at least some reduction of the Class Two claim." Disclosure Statement, p. 7.

8. The Disclosure Statement also notes that the Debtor is investigating the feasibility of subdividing a portion of its property for sale. *Id*.

## THE DISCLOSURE STATEMENT FAILS TO PROVIDE ADEQUATE INFORMATION

9. Section 1125 of the Bankruptcy Code requires the Debtor to provide a disclosure statement that contains adequate information to allow a hypothetical investor typical of the holders or claims or interests of the relevant class to make an informed judgement about the plan. 11 U.S.C. § 1125(a)(1).

10. The Disclosure Statement fails to provide adequate information to the SBA regarding the treatment of its mortgage claim. The Debtor has indicated that it has received a significant offer for the purchase of the Property and that it has filed an application with a local lender for refinancing. The Debtor alleged that either of these developments would materially change their reorganization plan. However, the Debtor provides almost no information regarding these two events in the Disclosure Statement.

11. Regarding the potential sale, the Debtor only states that it has recently received an offer for the Property and is in active negotiations. The Debtor does not describe the stage of the negotiations. For example, whether the parties are negotiating a term sheet, close to finalizing a purchase and sale agreement or simple verbally discussing a potential sale. Further, the Debtor does not provide a timeline for a sale process. The only thing close to a timeline mentioned in the Disclosure Statement is the reference to the maturity of the IOFUS-FCC Holdings I, LLC first mortgage on August 31, 2021. The Debtor does not indicate whether it is proposing that the potential sale take place in connection with confirmation of a plan of reorganization or outside of bankruptcy. In addition, the Disclosure Statement does not provide any information as to how the Debtor is proposing to treat the SBA's claim if the potential sale falls through.

12. With respect to the potential refinancing and the potential for subdividing the Property for sale, the Disclosure Statement similarly fails to provide any timeline and does not provide any information as to how the Debtor is proposing to treat the SBA's claim if the Debtor is unable to refinance or if subdividing a portion of the Property for sale is not feasible. The Disclosure Statement also does not indicate whether any refinancing would take place inside or outside of the Chapter 11 case.

13. Finally, the Disclosure Statement does not describe how or whether the Debtor will make adequate protection payments to the SBA during any sale or refinancing process and does not include any adequate protection payments to SBA in the proposed budget.

WHEREFORE, the United States respectfully requests that the Court sustain its Objection and enter an order denying approval of the Disclosure Statement.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

ANDREW E. LELLING
United States Attorney

Date: December 16, 2020  By: /s/ Raquelle L. Kaye
RAQUELLE L. KAYE
Assistant United States Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel. No. (617) 748-3403
raquelle.kaye@usdoj.gov

## LOCAL RULE 3017-1(b) CERTIFICATION

I, Raquelle L. Kaye, hereby certify that I complied with Local Bankruptcy Rule 3017-1(b) by conferring with counsel for the Debtor on December 15, 2020. The parties are endeavoring to resolve the issues set forth herein, but at this time were unable to resolve such issues or eliminate any areas of dispute.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

HANKEY O'ROURKE ENTERPRISES, LLC,

Debtor.

Case No. 19-30500-EDK
Chapter 11

## CERTIFICATE OF SERVICE

I, Raquelle L. Kaye, hereby certify that on <u>December 16, 2020</u> I electronically filed the foregoing document with the U.S. Bankruptcy Court for the District of Massachusetts by using the CM/ECF system. The foregoing document will be electronically sent to the parties who are currently on the list to receive e-mail notices in this case.

I further certify that on <u>December 16, 2020</u>, I served a copy of the same by first-class U.S. mail, postage pre-paid, to the parties or their counsel of record, inclusive of all creditors required to be served by L R 1017-1(g). Such creditors are listed on the exhibit to this Certificate of Service.

Date:  December 16, 2020                                   /s/ Raquelle L. Kaye
                                                            RAQUELLE L. KAYE

Hankey O'Rourke Enterprises, LLC
109 Stockbridge Road
Great Barrington, MA 01230-1227

Springfield
U.S. Bankruptcy Court
300 State Street, Suite 220
Springfield, MA 01105-2925

Bay Colony Development Corp.
230 Third Ave., 1st Floor
Waltham, MA 02451-7552

Cove Bowling & Entertainment Inc.
109 Stockbridge Road
Great Barrington, MA 01230-1227

IOFUS Holdings - I, LLC
5838 East Naples Plaza
Long Beach, CA 90803-5039

Jonathan Hixon
Hackett Feinberg
155 Federal Street, 9th Floor
Boston, MA 02110-1610

Juanita O'Rourke
27 Kibbe Point Road
East Otis, MA 01029-4500

Lyndsey E. Rowland, Esquire
Starfield Smith PC
1300 Virginia Drive, Suite 325
Fort Washington, PA 19034-3223

PKHB
Pattison, Koskey, Howe & Bucci, CPAs, P.
1 Hudson City Centre, Suite 203
Hudson, NY 12534-2355

Pattison, Koskey, Howe & Bucci, CPAs, P.C.
1 Hudson City Centre
Suite 203
Hudson, NY 12534-2355

Thomas Hankey
315 State Road
Great Barrington, MA 01230-1462

Town of Great Barrington Tax Collector
334 Main Street
Great Barrington, MA 01230-1802

U.S. Small Business Administration
10 Causeway Street, Room 265
Boston, MA 02222-1093

United States Small Business Admin.
Boston District Office
10 Causeway St., Room 265
Boston, MA 02222-1047

Richard King
Office of the U. S. Trustee
446 Main Street
14th Floor
Worcester, MA 01608-2361

Steven Weiss
Shatz, Schwartz & Fentin, P.C.
1441 Main Street
Suite 1100
Springfield, MA 01103-1450